OFFICERS
An Associate Director of the COEDD Area Agency on Aging is not precluded by any statutory provision from being elected or appointed to membership on the Gordon Cooper Area Vocational Technical School Board. However, as a member of the board of education, the individual is required by Article II, Section 11 of the Constitution of Oklahoma to give personal attention to the duties of that office and owes an undivided duty to the entire public whom he or she serves. The Attorney General has considered your request for an opinion wherein you ask the following question: Is there a conflict of interest if an Associate Director of the Central Oklahoma Economic Development District (COEDD) Area Agency on Aging also serves on the Gordon Cooper Area Vocational-Technical School Board? Initially, this question involves Oklahoma's prohibition against dual office-holding set forth at 51 O.S. 6 [51-6] (1971). This section provides: "Except as may be otherwise provided, no person holding an office under the laws of this State and no deputy of any officer so holding any office, shall, during his term of office, hold any other office, or be the deputy of any officer holding any office, under the laws of this State. . . ." With the above prohibition in mind, it must then be determined whether the positions contemplated by your question are public offices. This Office has consistently held that members of a board of education are public officers within the meaning of 51 O.S. 6 [51-6] (1971). See Attorney General's Opinion 77-154. Therefore, the question to be answered is whether an Associate Director of the COEDD Area Agency on Aging is an officer within the meaning of 51 O.S. 6 [51-6] (1971). It is the determination of the Attorney General that such a position would not fall into the definition of an "officer". In Attorney General's Opinion 71-310 (4 Okl.Op.A.G. 318), we considered the similar issue of whether a Director on the Board of Directors of the Southern Oklahoma Development Association was an officer coming within the purview of 51 O.S. 6 [51-6] (1971). In that opinion it was determined the purpose of the Inter-local Cooperation Act, 74 O.S. 1001-1008 [74-1001-1008] (1970) is to achieve greater efficiency in carrying out governmental services and functions of the members of an association and any entity created is merely an arm of its members, not a policy-making governmental entity. That opinion found that the Board of Directors of SODA or any similar association are not vested with the authority to make policy; therefore, a director of such an association is not an officer within the meaning of 51 O.S. 6 [51-6] (1971). Thus, it would not be a violation of the dual office-holding prohibition for an individual to serve as an officer in the capacity of the school board member and also as a director or associate director of a regional development association. It further does not appear that 74 O.S. 1401 [74-1401] et seq. (1971) would apply in this instance since neither of the positions in question are state offices or state employments. It should be noted that the election or appointment of an individual as a member of a school board, where such member also serves as associate director of a regional economic development agency, does not in and of itself constitute a conflict of interest. Depending upon the surrounding facts and circumstances in any given case, however, a conflict of interest could arise, since a member of a board of education is required by Article II, Section 11, of the Oklahoma Constitution to give personal attention to the duties of that office, and otherwise owes an undivided duty to the entire public whom he or she serves. It is, therefore, the opinion of the Attorney General that your question be answered as follows: An Associate Director of the COEDD Area Agency on Aging is not precluded by any statutory provision from being elected or appointed to membership on the Gordon Cooper Area Vocational-Technical School Board. However, as a member of the board of education, the individual is required by Article II, Section 11, of the Constitution of Oklahoma to give personal attention to the duties of that office and owes an undivided duty to the entire public whom he or she serves. (MARY KATHLEEN RHODES)